■ In the Matter of JK&E PARTNERSHIP, Respondent, v CHASE MANHATTAN BANK et al., Respondents, and SAN JAMES REALTY CORP. et al., Appellants. [714 NYS2d 446] —In a turnover proceeding pursuant to CPLR 5225 (b), San James Realty Corp. and Thessalonica Court Associates, appeal from (1) a decision of the Supreme Court, Nassau County (DeMaro, J.), dated June 29, 1998, and (2) a judgment of the same court dated August 6, 1998, which is in favor of the petitioner and against them in the principal sum of $84,202.

■ In the Matter of JK&E PARTNERSHIP, Respondent, v CHASE MANHATTAN BANK et al., Respondents, and SAN JAMES REALTY CORP. et al., Appellants. [714 NYS2d 307] —In a turnover proceeding pursuant to CPLR 5225 (b), San James Realty Corp. and Thessalonica Court Associates, appeal from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (DeMaro, J.), dated April 9, 1999, which granted the petitioner's motion to confirm a Referee's report (Schifrin, R.), dated January 4, 1999, recommending that a sanction in the form of an award of counsel fees and costs in the sum of $10,000 be imposed against San James Realty Corp., and is in favor of

the petitioner and against San James Realty Corp. in the principal sum of $10,000, and (2) as limited by their brief, from stated portions of an order of the same court, dated April 9, 1999, which, *inter alia*, denied that branch of their motion which was to dismiss the proceeding, and granted that branch of the petitioner's cross motion which was to compel discovery.

Ordered that the appeal by Thessalonica Court Associates from the order and judgment is dismissed on the ground that it is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from by San James Realty Corp.; and it is further

Ordered that the order dated April 9, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The Supreme Court providently exercised its discretion in granting the petitioner's motion to confirm the report of the Referee recommending that a sanction in the form of an award of counsel fees and costs be imposed against San James Realty Corp. (hereinafter San James) (*see,* 22 NYCRR part 130). The conduct of San James throughout the proceedings was frivolous. Thus, the Supreme Court properly confirmed the report of the Referee.

The Supreme Court properly denied that branch of the appellants' motion which was to dismiss the proceeding. The petitioner commenced this proceeding to force the appellants to satisfy a judgment the petitioner had obtained against Glick Development Affiliates (hereinafter GDA), that was a partner in Thessalonica Court Associates (hereinafter TCA). Under the partnership agreement GDA was entitled to a yearly distribution of its share of the surplus funds of TCA. Initially, TCA paid GDA's distribution to the petitioner, to help satisfy the judgment. However, in approximately 1994, TCA refused to make any additional payments. In a companion appeal we affirmed a judgment in favor of the petitioner directing TCA to pay $84,202 (*see, Matter of JK&E Partnership v Chase Manhattan Bank,* 276 AD2d 554 [decided herewith]).

The petitioner possesses a continuing interest in the proceeding until it receives full satisfaction of its judgment against GDA. Given the appellants' prior attempts to thwart payment, the court properly reaffirmed its prior determination to continue to exercise jurisdiction over the proceeding. Furthermore, the appellants' conduct supports the Supreme Court's determination that the petitioner has the right to obtain discovery to ascertain the amount of the surplus funds of TCA

to which the petitioner is entitled as the judgment creditor of GDA.

The appellants' remaining contentions are without merit. Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.